HAILYN J. CHEN (SBN 237436)
hailyn.chen@mto.com
NICHOLAS R. SIDNEY (SBN 308080)
nick.sidney@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:   (213) 683-9100
Facsimile:   (213) 687-3702

Attorneys for Defendants THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; DONALD DUDLEY; WENDI DELMENDO; and LIZ PARIS

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| JOHN DOE, an individual, | CASE NO. |
| Plaintiff, | NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT |
| vs. | |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; DONALD DUDLEY in his individual capacity, WENDI DELMENDO in her individual capacity, LIZ PARIS, an individual, and DOES I – V, | (Removed from the Superior Court of the State of California, County of Yolo, Case No. CV2024-1990) |
| Defendants. | |

NOTICE OF REMOVAL OF CIVIL ACTION

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on October 8, 2024, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants The Regents of the University of California, ("the University") Donald Dudley, Wendi Delmendo, and Elizabeth DeChellis (f/k/a Liz Paris), (collectively "Defendants") hereby jointly remove this action to the United States District Court for the Eastern District of California, Sacramento Division. This matter was commenced as Case Number CV2024-1990 in the Superior Court of the State of California for the County of Yolo.  In support of their Notice of Removal, Defendants state the following:

## THE COMPLAINT

1. Plaintiff John Doe initiated this action by filing a complaint in the Superior Court of the State of California, County of Yolo on or about August 5, 2024, entitled *Doe v. Regents of the University of California*, *et al*., Case No. CV2024-1990. Attached to the Declaration of Nicholas R. Sidney ("Sidney Decl.") as Exhibit A is a true and correct copy of the complaint, and attached as Exhibits D, F, H, and J are true and correct copies of the summons to each defendant.

2. Plaintiff pleads the following causes of action: (1) breach of contract; (2) procedural due process violations under 42 U.S.C. § 1983; (3) substantive due process violations under 42 U.S.C. § 1983; and (4) violation of Title IX of the Education Amendments of 1972, 20 U.S. Code § 1681 et seq.

3. Plaintiff's claims all arise from alleged deficiencies in the University's investigations of allegations of misconduct by Plaintiff and disciplinary proceedings relating to that alleged misconduct. Plaintiff alleges that Defendants' treatment of him during its investigations and disciplinary proceedings constituted a breach of contract, Sidney Decl., Ex. A ¶¶ 98–102, violated his procedural and substantive due process rights, *id.* ¶¶ 103–08, and violated Title IX, *id.* ¶¶ 109–16.

## JURISDICTION AND BASIS FOR REMOVAL

4. Federal courts have original jurisdiction over any claim that "aris[es] under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and any such claim is

removable, *see id.* § 1441(a). Here, removal is proper on the basis of federal question jurisdiction because Plaintiff's second and third causes of action arise under 42 U.S. Code § 1983, and Plaintiff's fourth cause of action arises under Title IX, all federal statutes. This Court has original jurisdiction over claims arising under both § 1983 and Title IX. *See Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1217 (10th Cir. 2014) (holding that "the district court had federal-question jurisdiction under 28 U.S.C. § 1331 over the § 1983 and Title IX claims").

5. Plaintiff's breach of contract claim arises from the same "common nucleus of operative fact," *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966)—that is, Defendants' investigation and disciplinary proceedings against him—and accordingly form part of the same "case or controversy," allowing this Court to exercise supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(a); *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997).

**PROCEDURAL MATTERS**

6. <u>No Waiver or Admission.</u> This Notice of Removal is presented for the purpose of establishing jurisdiction only. Defendants deny the allegations and damages claimed in the Complaint, and file this Notice of Removal without waiving any defenses, exceptions, or obligations that may exist in its favor in either state or federal court. Nothing herein shall constitute an admission as to any of the allegations in the Complaint, including whether Plaintiff is entitled to recover any relief whatsoever as a result of his claims.

7. <u>Removal is Timely.</u> Plaintiff first served the University with a summons and a copy of the Complaint in this action effective on September 9, 2024. *See* Sidney Decl., Ex. E. Service on Defendants Delmendo and Dudley was effective on September 30, 2024, *see id.,* Exs. G & I, and service on Defendant DeChellis was effective on October 7, 2024. *See id.,* Ex. K. Thus, this notice of removal is timely, as it is being "filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

8. <u>Removal to Proper Court.</u> This Court is part of the "district and division embracing the place where" the action was filed—Yolo County. 28 U.S.C. § 1441(a).

9. <u>Pleadings and Process.</u> Pursuant to 28 U.S.C. § 1446(a), "all process, pleadings, and orders served upon" or obtained by Defendants are attached as exhibits to the Sidney Declaration, filed concurrently herewith.

10. <u>Filing and Service.</u> Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California for the County of Yolo, and will be served on all parties. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11. *See* 28 U.S.C. § 1446(a).

11. <u>Consent of Defendants.</u> All defendants have joined in and consented to the removal of this action through the undersigned counsel, satisfying 28 U.S.C. § 1446(b)(2)(A). *See Proctor v. Vishay Intertechnology Inc.,* 584 F.3d 1208, 1225 (9th Cir. 2009) (holding that "an averment of the other defendants' consent and signed by an attorney of record is sufficient" to demonstrate consent for purposes of removal).

12. Defendants reserve the right to submit additional evidence and argument as needed to supplement this "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a); *see Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001).

BASED ON THE FOREGOING, Defendants hereby jointly remove this action, now pending in the Superior Court of the State of California for the County of Yolo, Case Number CV2024-1990, to the United States District Court for the Eastern District of California.

DATED:  October 8, 2024                MUNGER, TOLLES & OLSON LLP
                                                                                     HAILYN J. CHEN
                                                                                       NICHOLAS R. SIDNEY

By:     */s/ Nicholas R. Sidney*
        NICHOLAS R. SIDNEY
Attorneys for THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; DONALD DUDLEY; WENDI DELMENDO; and LIZ PARIS