1  HAILYN J. CHEN (SBN 237436)
   hailyn.chen@mto.com
2  NICHOLAS R. SIDNEY (SBN 308080)
   nick.sidney@mto.com
3  MUNGER, TOLLES & OLSON LLP
   350 South Grand Avenue, Fiftieth Floor
4  Los Angeles, California 90071-3426
   Telephone:     (213) 683-9100
5  Facsimile:     (213) 687-3702

6  Attorneys for THE REGENTS OF THE
   UNIVERSITY OF CALIFORNIA; DONALD
7  DUDLEY; WENDI DELMENDO; and LIZ PARIS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| JOHN DOE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, DONALD DUDLEY in his individual capacity, WENDI DELMENDO in her individual capacity, LIZ PARIS, an individual, and DOES I – V,<br><br>Defendants. | Case No. 2:24-cv-02770-TLN-CSK<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Judge: Hon. Troy L. Nunley |

# INTRODUCTION

Defendants The Regents of the University of California (the "University"), Donald Dudley, Wendi Delmendo, and Elizabeth DeChellis (f/k/a Liz Paris) (collectively "Defendants") respectfully request that the Court take judicial notice of documents attached as exhibits to the Declaration of Nicholas R. Sidney filed in support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint:

| Exhibit | Description |
|---|---|
| **UC Davis and University of California Systemwide Policies** | |
| A | UC Davis Policy on Sexual Harassment/Sexual Violence (effective June 19, 2014) |
| B | University of California Systemwide Interim Policy on Sexual Harassment/Sexual Violence (effective June 17, 2015 to December 31, 2015) |
| C | University of California Systemwide Policy on Student Conduct and Discipline (effective May 10, 2012) |
| D | UC Davis Policy on Administration of Student Discipline |
| **UC Davis Director of Student Judicial Affairs' Official Emails to Plaintiff As Part of Title IX Investigation and Adjudication** | |
| E | Director of Student Judicial Affairs Donald Dudley's December 6, 2015 email to Plaintiff's counsel advising him that Dudley had appointed Allyson Hauck as the University's representative for the December 2015 hearing |
| F | Donald Dudley's January 11, 2016 email to Plaintiff's counsel and one of the attachments thereto, a letter imposing disciplinary sanctions upon Plaintiff |
| **Pleadings from Plaintiff's 2016 Petition for Writ of Administrative Mandamus Against the University of California,** *John Doe v. The Regents of the University of California*, Case No. CV-2016-765 (Yolo. Sup. Ct. 2016) | |
| G | Plaintiff's Verified Petition for Writ of Administrative Mandamus (filed May 10, 2016) |
| H | Plaintiff's Summons to Defendant The Regents of the University of California (filed August 31, 2017) |
| I | Defendant The Regents of the University of California's Answer to Petition (filed October 10, 2017) |
| J | Statement of Decision Denying Petition for Writ of Mandate (filed May 5, 2021) |

| K | California Court of Appeal's Remittitur (filed December 28, 2022) |
|---|---|
| L | Plaintiff's Notice of Motion and Motion to File First Amended and Supplemental Complaint (filed July 17, 2023) |
| M | Order Denying Plaintiff's Motion to File First Amended and Supplemental Complaint (filed December 15, 2023) |
| N | Final Judgment Granting Petition For Writ Of Mandate (filed December 15, 2023) |

## ARGUMENT

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Exhibits A–N are appropriate for consideration because they are incorporated by reference into Plaintiff's First Amended Complaint ("FAC") and/or properly subject to judicial notice: Exhibits A–F may be considered under the incorporation by reference doctrine and there is no dispute as to their authenticity. Exhibits A–D, copies of University policies, are judicially noticeable as public records of and official acts by the University, a state administrative agency. Exhibits E–F, communications from Donald Dudley, then the Director of Student Judicial Affairs at UC Davis, are judicially noticeable as "official acts" of the University. Exhibits G–N, court records from Plaintiff's prior litigation against the University, are judicially noticeable as court records.

### I.    EXHIBITS A–F ARE INCORPORATED BY REFERENCE INTO THE FAC

Exhibits A–F can be considered under the incorporation by reference doctrine. Under this doctrine, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994)*, overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir.2002); *see Rupert v. Bond,* 68 F. Supp. 3d 1142, 1155 (N.D. Cal. 2014) (taking judicial notice of letters because they are referenced in the complaint and defendants do not question their authenticity). A "defendant

may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Ritchie*, 342 F.3d at 908. Plaintiff's complaint makes multiple references to Exhibits A–F:

- Exhibit A is the UC Davis Policy on Sexual Harassment/Sexual Violence (effective June 19, 2014), which was the first policy distributed to Plaintiff. Plaintiff referenced and relied on this policy throughout his complaint, referring to it as "UCD Title IX Policy." FAC, ¶¶ 14, 15, 20, 22, 23, 25, 30, 45, 46, 51, 52, 53, 57, 104).

- Exhibit B is the University of California Systemwide Interim Policy on Sexual Harassment/Sexual Violence (effective June 17, 2015 to December 31, 2015). Plaintiff referenced this policy several times in his complaint, referring to it as "Interim Title IX Policy." FAC, ¶¶ 23–27, 45–47, 49, 52, 56, 57.

- Exhibit C is the University of California Systemwide Policy on Student Conduct and Discipline (effective May 10, 2012). Plaintiff referenced this policy in his complaint, referring to it as "UC Policies." FAC, ¶¶ 14, 28, 51, 52, 53, 62, 63, 96, 105.

- Exhibit D is the UC Davis Policy on Administration of Student Discipline. Plaintiff also referenced this policy, referring to it as "UCD Policies." FAC, ¶¶ 14, 28, 29, 55, 63, 65, 78, 89, 97.

- Exhibit E is an email dated December 6, 2015, from Donald Dudley (then the Director of Student Judicial Affairs at UC Davis) to Plaintiff stating that he had appointed Elizabeth DeChellis (f/k/a Liz Paris) as the hearing officer, and Allyson Hauck as the University's representative for the University's formal hearing on the allegations against Plaintiff. Plaintiff referenced this correspondence multiple times in his complaint. FAC, ¶¶ 63, 67.

- Exhibit F is an email dated January 11, 2016, from Dudley to Plaintiff's counsel that includes the letter imposing disciplinary sanctions upon Plaintiff. Plaintiff referenced this correspondence in his FAC. FAC, ¶¶ 80, 81.

Plaintiff did not attach any of these exhibits to his complaint, but the Court may consider them in connection with the University's concurrently filed motion to dismiss because they serve as a basis for Plaintiff's allegations.

## II.     EXHIBITS A–N ARE PROPERLY SUBJECT TO JUDICIAL NOTICE

### A.     Exhibits A–D Are Judicially Noticeable As Matters of Public Record And Official Acts By the University

Exhibits A–D, copies of University policies, are separately judicially noticeable as matters of public record and as official acts by the University. The Court may "take judicial notice of matters of public record if the facts are not 'subject to a reasonable dispute.'" *Vasserman v. Henry*

*Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 942 (C.D. Cal. 2014) (citing Fed. R. Evid. 201). The "record[s] of a state agency" are matters of public record. *City of Sausalito v. O'Neill*, 386 F. 3d 1186, 1223 n.2 (9th Cir. 2004). As courts have recognized, the "University [of California] is a statewide administrative agency." *Morgado v. Regents of Univ. of Cal.*, No. C 13–1318 MEJ, 2013 WL 2252115, at *11 n.3 (N.D. Cal. May 22, 2013) (citation and quotations omitted); *see also Rhyne v. Municipal Court* 113 Cal. App. 3d 807, 825 (1980). The University's policies are therefore matters of public record that the Court may properly consider regardless of whether Plaintiff had incorporated them by reference into his complaint. *See, e.g.*, *Jun Yu v. Idaho St. Univ.*, No. 4:15-cv-430-REB, 2019 WL 346392, at *3 (D. Idaho Jan. 28, 2019) (taking judicial notice of reports published by state university); *Michelle M. v. Dunsmuir Joint Union Sch. Dist.*, No. 2:04-cv-2411-MCE-PAN, 2006 WL 2927485, at *5 n.11 (E.D. Cal. Oct. 12, 2006) (taking judicial notice of a school district's sexual harassment policy as an official record).

The University policies are also judicially noticeable as official acts. Federal district courts in California take judicial notice of official acts pursuant to California Evidence Code § 452(c). *See, e.g.*, *Winding v. Wells Fargo Bank, N.A.*, No. CV F 11–0555 AWI SKO, 2011 WL 2552523, at *2 (E.D. Cal. June 27, 2011) (recognizing this practice and, pursuant to California Evidence Code § 452(c), taking judicial notice of official acts of several agencies); *McDonald v. Wells Fargo Bank, N.A.*, No. CV 13-02334-KAW, 2013 WL 6512881, at *4 (N.D. Cal. Dec. 12, 2013) (same). Pursuant to § 452(c), "[o]fficial acts of the legislative, executive, and judicial departments of . . . any state of the United States" are appropriate for judicial notice. Evid. Code § 452(c). "[I]ncluded in 'executive' acts are those performed by administrative agencies." *Scott v. JPMorgan Chase Bank, N.A.*, 214 Cal. App. 4th 743, 752–53 (2013). Official policies enacted by an agency qualify as official acts under § 452. *See Physicians Comm. for Responsible Med. v. L.A. Unified Sch. Dist.,* 43 Cal. App. 5th 175, 184 (2019) (taking judicial notice of a school board's policies as official acts); *In re H.C.*, 17 Cal. App. 5th 1261, 1268 n.4 (2017) (taking judicial notice of policy enacted by the Department of Health & Human Services). Judicial notice in these circumstances is consistent with Federal Rule of Evidence 201 because such facts are "not subject to reasonable dispute" given that they "can be accurately and readily determined from sources

whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Here, Exhibits A–D are policies that were officially adopted by the University, a state agency. Thus, they are independently judicially noticeable under § 452(c). *See Dubins v. Regents of Univ. of Cal.* 25 Cal. App. 4th 77, 81 (1994) (trial court took judicial notice of faculty policies and a portion of the University's Academic Personnel Manual).

### B.    Exhibits E and F Are Judicially Noticeable As Official Acts

Exhibits E and F, emails from Donald Dudley to Plaintiff or his counsel communicating decisions by the University, are also judicially noticeable as official acts of the University. *See* Evid. Code § 452(c); *see also Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012) (noting that a court "may take judicial notice of records and reports of administrative bodies." (quotations omitted)). Communications from the University of California articulating official University decisions qualify as "official acts." *See Berman v. Regents of Univ. of Cal.*, 229 Cal. App. 4th 1265, 1271 n.4 (2014) (taking judicial notice of a letter sent from the University to plaintiff, informing him of executive vice chancellor's decision to hold his degree until resolution of pending student conduct process). Exhibit E is an email from Donald Dudley, then the Director of Student Judicial Affairs at UC Davis, to Plaintiff, informing Plaintiff that the University had re-scheduled a formal hearing, appointed Elizabeth DeChellis (f/k/a Liz Paris) as a hearing officer, and appointed Allyson Hauck as the University's representative for the hearing, all official actions by the Student Judicial Affairs Office at UC Davis. Similarly, Exhibit F communicates the University's disciplinary sanction against Plaintiff. Both exhibits therefore constitute official actions and are therefore properly subject to judicial notice under the official acts doctrine.

### C.    Exhibits G–N Are Judicially Noticeable As Court Records

Exhibits G–N are appropriate for judicial notice, as they are all "court opinions, orders, or filings from another court's records, which can be judicially noticed." *Pardo-Pena v. Spector*, No. 2:20-CV-03562-MAA, 2021 WL 6496732, at *3 (C.D. Cal. Nov. 3, 2021); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of briefs, pleadings, and memoranda from a previous litigation since they were "court filings and other matters of public record."). Courts often take judicial notice of other courts' records to

ascertain the applicability of res judicata. *Reyn's Pasta Bella*, 442 F.3d at 746 n.6 (taking judicial notice of briefs and other pleadings in another lawsuit to determine the applicability of collateral estoppel); *Plan. & Conservation League v. Castaic Lake Water Agency*, 180 Cal. App. 4th 210, 225 (2009), *as modified on denial of reh'g* (Jan. 14, 2010) (taking judicial notice to assess the applicability of res judicata); *see also* 21B Wright & Miller, *Fed. Prac. & Proc. Evid.* § 5106.4 (2d ed. 2024). Here, Exhibits G–N are subject to judicial notice because they are all court records from Plaintiff's prior writ of mandate proceeding against the University. As Defendants argue in their motion to dismiss, these records demonstrate that res judicata and the statutes of limitation bar Plaintiff's lawsuit.

## CONCLUSION

For the foregoing reasons, Defendants request the Court take judicial notice of the above-referenced exhibits, true and correct copies of which are attached to the Declaration of Nicholas R. Sidney as Exhibits A–N.

DATED:  November 18, 2024        MUNGER, TOLLES & OLSON LLP


By:    */s/ Nicholas R. Sidney*
       NICHOLAS R. SIDNEY
       Attorneys for Defendant The Regents of the University of California