UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, | No. 2:24-cv-02770-TLN-CSK |
| Plaintiffs, | |
| v. | **ORDER** |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., | |
| Defendants. | |

This matter is before the Court on two separate motions: (1) Defendants The Regents of the University of California ("the Regents"), Donald Dudley ("Dudley"), Wendi Delmendo ("Delmendo"), and Elizabeth DeChellis's[1] ("DeChellis") (collectively, "Defendants") Motion to Dismiss (ECF No. 10); and (2) Plaintiff John Doe's ("Plaintiff") Motion to Proceed Under Pseudonym (ECF No. 20).  Each motion has been fully briefed.  (ECF Nos. 16, 19, 21, 23.) For the reasons set forth below, the Court GRANTS Defendants' Motion to Dismiss and DENIES Plaintiff's Motion to Proceed Under Pseudonym as moot.

///

///

---

[1]     At the time of the underlying events of the instant lawsuit, Elizabeth DeChellis was known as Liz Paris.  (ECF No. 10 at 12 n.1.)  As the parties refer to DeChellis by her current name, the Court does the same.

1

1        **I.      FACTUAL AND PROCEDURAL BACKGROUND**

2            Plaintiff is a former student of the University of California, Davis ("UC Davis") School of

3    Law.  (ECF No. 9 at 1.)  On July 28, 2015, the Chief Compliance and Title IX Officer at UC

4    Davis, Delmendo, sent Plaintiff a charging letter accusing him of dating violence against Jane

5    Roe ("Roe"), a fellow law student.  (ECF No. 9 at 8.)  The charges included allegations that

6    Plaintiff threatened, verbally abused, and forced Roe to be a passenger in his car while he was

7    under the influence of drugs or alcohol.  (*Id.*)  Based on an investigation, the investigation report,

8    and a hearing conducted by DeChellis, an outside attorney, Plaintiff was suspended and barred

9    from campus for two years in January 2016.  (*Id.* at 2; 21.)

10           On May 10, 2016, Plaintiff filed a petition for a writ of administrative mandamus under

11   California Code of Civil Procedure § 1094.5 ("§ 1094.5") in Yolo County Superior Court to set

12   aside the hearing decision and disciplinary sanctions and conditions as unfair, in excess of

13   jurisdiction, and in violation of due process ("the 2016 Lawsuit").  (*Id.* at 2.)  The petition was

14   denied on May 10, 2021.  (*Id.*)  Plaintiff appealed.  (*Id*.)  The Court of Appeal found UC Davis

15   failed to provide Plaintiff with a fair process and ordered the superior court to enter judgment

16   granting a writ of mandamus to set aside UC Davis's decision in October 2022.  (*Id.* at 2–3; 23.)

17   The remittitur issued in December 2022.  (*Id.* at 7.)

18           In July 2023, Plaintiff sought leave to file an amended complaint for damages, alleging

19   breach of contract, violation of civil rights under 42 U.S.C. § 1983 ("§ 1983"), and gender

20   discrimination under Title IX.[2]  (ECF No. 10-13.)  The superior court denied Plaintiff's motion

21   (ECF No. 10-14) and entered judgment on December 15, 2023 (ECF No. 9 at 8).

22

23   [2]      Defendants have submitted a Request for Judicial Notice.  (*See* ECF No. 11.)  The Court
     will only judicially notice the documents upon which it relies.  Here, the Court relies on
24   Plaintiff's Verified Petition for Writ of Administrative Mandamus (ECF No. 10-8), Plaintiff's
     Notice of Motion to File First Amended and Supplemental Complaint (ECF No. 10-13), and
25   Order Denying Plaintiff's Motion to File First Amended and Supplemental Complaint (ECF No.
     10-14).  A court may take judicial notice "of proceedings in other courts, both within and without
26   the federal judicial system, if those proceedings have a direct relation to the matters at issue."
     *United States v. Black,* 482 F.3d 1035, 1041 (9th Cir. 2007) (internal quotations and citations
27   omitted).  Accordingly, Defendants' Request for Judicial Notice of the foregoing documents
     (ECF No. 10-8, 10-13, 10-14) is GRANTED.
28

                                                        2

1      On October 8, 2024, Plaintiff filed the instant action in this Court.  (ECF No. 1.)  On

2   November 4, 2024, Plaintiff filed the operative First Amended Complaint ("FAC"), alleging

3   claims for breach of contract, denial of due process under § 1983, and violation of Title IX

4   against Defendants.  (ECF No. 9.)  On November 18, 2024, Defendants filed the instant motion to

5   dismiss.  (ECF No. 10.)  On December 23, 2024, Plaintiff filed the instant motion to proceed

6   under a pseudonym.  (ECF No. 20.)  As will be discussed, the Court concludes this action should

7   be dismissed.  Therefore, the Court only addresses Defendants' Motion to Dismiss and does not

8   address Plaintiff's Motion to Proceed Under Pseudonym.

9      **II.      STANDARD OF LAW**

10      A motion to dismiss for failure to state a claim upon which relief can be granted under

11   Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint.

12   *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain

13   "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

14   Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  Under notice pleading in

15   federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the

16   grounds upon which it rests."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal

17   citation and quotations omitted).  "This simplified notice pleading standard relies on liberal

18   discovery rules and summary judgment motions to define disputed facts and issues and to dispose

19   of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

20      On a motion to dismiss, the factual allegations of the complaint must be accepted as true.

21   *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court must give the plaintiff the benefit of every

22   reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail*

23   *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege

24   "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

25   relief."  *Twombly*, 550 U.S. at 570 (internal citation omitted).

26      Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

27   factual allegations."  *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

28   While Rule 8(a) does not require detailed factual allegations, "it demands more than an

1   unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A

2   pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

3   elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

4   ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

5   statements, do not suffice."). Thus, "[c]onclusory allegations of law and unwarranted inferences

6   are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355

7   F.3d 1179, 1183 (9th Cir. 2004) (citations omitted).  Moreover, it is inappropriate to assume the

8   plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws

9   in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State*

10  *Council of Carpenters*, 459 U.S. 519, 526 (1983).

11         Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

12  facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim

13  has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

14  reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

15  680.  While the plausibility requirement is not akin to a probability requirement, it demands more

16  than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  This plausibility

17  inquiry is "a context-specific task that requires the reviewing court to draw on its judicial

18  experience and common sense." *Id.* at 679.  Thus, only where a plaintiff fails to "nudge [his or

19  her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly

20  dismissed. *Id.* at 680 (internal quotations omitted).

21         In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits

22  thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201.

23  *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v.*

24  *Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998); *see also Daniels-*

25  *Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (the court need not accept as true

26  allegations that contradict matters properly subject to judicial notice).

27         If a complaint fails to state a plausible claim, "'[a] district court should grant leave to

28  amend even if no request to amend the pleading was made, unless it determines that the pleading

4

1    could not possibly be cured by the allegation of other facts.'"  *Lopez v. Smith*, 203 F.3d 1122,

2    1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995));

3    *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in

4    denying leave to amend when amendment would be futile).  Although a district court should

5    freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to

6    deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint."

7    *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting

8    *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

9         **III.    ANALYSIS**

10        In moving to dismiss, Defendants argue Plaintiff's claims are barred by the doctrine of res

11   judicata, his claims are barred by the statute of limitations, his claims fail to state a claim upon

12   which relief can be granted, and his request for punitive damages should be stricken.  (ECF No.

13   10 at 17–38.)  Because the Court concludes Plaintiff's claims are barred by res judicata, the Court

14   declines to address Defendants' remaining arguments.

15        California's res judicata rules govern this analysis.  *Kay v. City of Rancho Palos Verdes,*

16   504 F.3d 803, 808 (9th Cir. 2007).  Under California law, the burden of proving the requirements

17   of res judicata is upon the party seeking to assert it as a bar or estoppel.  *Paladini v. Municipal*

18   *Markets Co.*, 185 Cal. 672, 674 (1921).  "There are three elements to a successful claim

19   preclusion defense: (1) an identity of claims[;] (2) a final judgement on the merits[;] and (3)

20   privity between the parties."  *Marks v. Ocwen Loan Servicing,* No. C 10-00203 WHA, 2010 WL

21   3069248, at *8 (N.D. Cal. Aug. 4, 2010), *aff'd sub nom. In re Marks,* No. 10-16799, 2011 WL

22   5316762 (9th Cir. Nov. 2, 2011).

23        Defendants argue Plaintiff's claims are barred by the doctrine of res judicata because the

24   same cause of action was litigated in the 2016 Lawsuit, which involved the same parties or parties

25   in privity with those in the instant action and resulted in a final judgment.  (ECF No. 10 at 12.)

26   As Defendants correctly note, Plaintiff does not dispute the second or third elements of

27   Defendants' res judicata defense — that the 2016 Lawsuit resulted in a final judgment or that the

28   parties in this action are the same as or in privity to the parties in the 2016 Lawsuit.  (ECF No. 19

1    at 7.)  Consequently, Plaintiff concedes these arguments, and the Court finds these elements of

2    Defendants' res judicata defense are established.  *See Crandall v. Teamsters Loc. No. 150*, No.

3    2:23-CV-03043-KJM-CSK, 2024 WL 3889916, at *5 (E.D. Cal. Aug. 20, 2024) (finding plaintiff

4    abandoned claims not raised in opposition to defendants' motion to dismiss).  Accordingly, the

5    Court only addresses the first element of Defendants' res judicata defense — whether an identity

6    of claims exists.

7             As to the identity of claims, Defendants argue the 2016 Lawsuit alleged the same injury to

8    Plaintiff and the same wrongs by Defendants, and therefore, involved the same cause of action, or

9    primary rights, as the instant FAC.  (ECF No. 10 at 12, 18.)  Defendants further contend courts

10   have found that § 1094.5 claims for writs of administrative mandate involve the same cause of

11   action as damages claims under § 1983 or for breach of contract.  (*Id.* at 18 (citing *Selvitella v.*

12   *City of S. San Francisco,* No. C08-04388 CW, 2009 WL 5206425, at *8 (N.D. Cal. Dec. 24,

13   2009), *aff'd sub nom. Selvitella v. City of S. San Francisco, Cal.,* 425 F. App'x 544 (9th Cir.

14   2011).)  Finally, Defendants assert Plaintiff's argument that he could not pursue a claim for

15   damages without favorable resolution of the 2016 Lawsuit is incorrect because a plaintiff can

16   exhaust judicial remedies merely by filing a § 1094.5 petition concurrently with other causes of

17   action.  (*Id.* at 19 (citing *Dixon v. Univ. of S. Cal.,* No. 2:21-cv-05286-VAP-(AFMx), 2021 WL

18   6496737, at *3 (C.D. Cal. Oct. 20, 2021).)

19            In opposition, Plaintiff argues he did not have the opportunity to present his claim for

20   damages in the 2016 Lawsuit because the trial court denied his motion to amend and supplement

21   the 2016 Lawsuit with a complaint for damages.  (ECF No. 16 at 6.)  Plaintiff contends that where

22   § 1094.5 applies and is the exclusive vehicle for judicial review, it may generally not be joined

23   with other types of actions.  (*Id.*)  Further, Plaintiff argues California Supreme Court case

24   *Westlake Community Hosp. v. Superior Court*, 17 Cal. 3d 465 (1972), requires that an aggrieved

25   party must first succeed in setting aside a quasi-judicial decision in a mandamus action before

26   instituting a tort action for damages.  (*Id.* at 7.)

27            Identity of claims exists upon "the same transactional nucleus of facts."  *Marks*, 2010 WL

28   3069248, at *8.  The Ninth Circuit weighs multiple factors when determining if the claims arise

1    out of the same transactional nucleus of facts, including whether the facts are related in time,

2    space, and origin.  *Id.*  "If two actions involve the same injury to the plaintiff and the same wrong

3    by the defendant then the same primary right is at stake even if in the second suit the plaintiff

4    pleads different theories of recovery, [and/or] seeks different forms of relief."  *Eichman v.*

5    *Fotomat Corp.*, 147 Cal. App. 3d 1170, 1174 (1983).

6            Here, the Court finds Plaintiff's claims in the 2016 Lawsuit and in the FAC arise out of

7    the same transactional nucleus of facts.  *Marks*, 2010 WL 3069248, at *8.  First, as Defendants

8    point out, Plaintiff has alleged the same injuries in both complaints: a breach of contract by UC

9    Davis when it allegedly failed to follow its own rules and policies in adjudicating charges against

10   Plaintiff (ECF No. 10-8 ¶ 56; ECF No. 9 ¶¶ 100–101); violations of Plaintiff's due process rights

11   during UC Davis's disciplinary proceedings (ECF No. 10-8 ¶ 58; ECF No. 9 ¶¶ 104–106, 108);

12   and discrimination on the basis of gender (ECF No. 10-8 ¶ 57; ECF No. 9 ¶ 110).  Plaintiff fails

13   to point to any injuries that he did not or could not have alleged in the 2016 Lawsuit.

14           Further, Plaintiff's injuries arise out of the same alleged wrongful acts.  Both lawsuits

15   allege UC Davis: failed to follow its own rules and policies (ECF No. 10-8 ¶ 56; ECF No. 9 ¶¶

16   100–101); violated his procedural and due process rights during the disciplinary proceedings

17   against him (ECF No. 10-8 ¶ 58; ECF No. 9 ¶¶ 104–106, 108); discriminated against him on the

18   basis of sex (ECF No. 10-8 ¶ 57; ECF No. 9 ¶¶ 110); failed to provide a fair hearing by requiring

19   his counsel to submit written cross-examination questions (ECF No. 10-8 ¶ 41; ECF No. 9 ¶ 71);

20   failed to provide a hearing on the findings contained in the Title IX investigation report (ECF No.

21   10-8 ¶¶ 38, 48, 52; ECF No. 9 ¶¶ 54, 55); failed to provide a fair hearing by not requiring the

22   production of text messages from Roe (ECF No. 10-8 ¶ 51; ECF No. 9 ¶ 57) and failed to provide

23   a fair hearing by appointing an outside hearing officer (ECF No. 10-8 ¶ 53; ECF No. 9 ¶ 63).

24   Plaintiff further fails to point to any wrongful acts that he did not or could not have alleged in the

25   2016 Lawsuit.

26           As the 2016 Lawsuit and the FAC allege the same injuries and wrong, the Court is

27   persuaded that Plaintiff's § 1094.5 claim for a writ of administrative mandate involves the same

28   primary rights as his damages claims under § 1983 or for breach of contract.  *Selvitella*, 2009 WL

1  5206425, at \*8.  In *Selvitella*, the plaintiff filed a writ of mandamus under § 1094.5 seeking to

2  overturn the decision by the Personnel Board of the City of South San Francisco to terminate his

3  employment as Battalion Chief of the City's Fire Department.  *Id.* at \*1.  The *Selvitella* court

4  found that the plaintiff's "§ 1983 claim that the Personnel Board violated his procedural and

5  substantive due process rights is the same as his claim for relief under § 1094.5."  *Id.* at \*7.

6  While Plaintiff refers to *Selvitella* as an "outlier" (ECF No. 16 at 8 n.1), he provides no

7  meaningful support for his contention or analysis as to why *Selvitella* should not be followed

8  here.

9        Morover, Plaintiff's argument that his claims are not barred by res judicata because he

10  was unable to pursue damages related to the 2016 Lawsuit is unpersuasive.  As discussed above,

11  the relevant inquiry before the Court is whether the claims arose from the same transactional

12  nucleus of facts and here, the material allegations in the 2016 Complaint and the FAC are the

13  same.  The fact that Plaintiff did not initially plead causes of action for damages — which he later

14  attempted to join but was denied — does not alter the Court's conclusion.  Indeed, Defendants are

15  correct that "a petitioner in an administrative mandamus action under [§] 1094.5 may join other

16  causes of action they may have against the respondent."  (ECF No. 19 at 8 (citing 1 Gregory M.

17  Kunert, CEB, *California Administrative Mandamus* § 10.59 (3d ed. 2024).); *see also Doe v. Cal.*

18  *Inst. of Tech.,* 2019 WL 4238888, at \*3 (C.D. Cal. Apr. 30, 2019)(allowing § 1983 and Title IX

19  claims to be brought alongside a § 1094.5 mandamus petition).  Finally, the Court finds Plaintiff's

20  reliance on *Westlake* inapposite.  In *Westlake*, the California Supreme Court held that a doctor

21  who has been denied hospital staff privileges must exhaust all available internal remedies before

22  commencing any judicial action, including an action for damages.  17 Cal. 3d at 469.  The court

23  explained "this exhaustion of remedies principle has long been applied in suits attacking the

24  actions of comparable 'private associations'" and "the doctrine applies when a doctor sues in tort

25  for money damages as well as when he seeks a judicial order compelling reinstatement or

26  admission."  *Id.*  The *Westlake* court did not address the relevant question before this Court —

27  whether plaintiff could file a § 1094.5 petition concurrently with a complaint for damages.  *See*

28  *id.*

8

1    Accordingly, Plaintiff's suit is barred by the doctrine of res judicata because Defendants

2   sufficiently established all three elements of the defense — an identity of claims exists with the

3   2016 Lawsuit, which resulted in a final judgment on the merits and involved the same parties or

4   parties in privity with those in the 2016 Lawsuit.  Thus, Defendants' Motion to Dismiss is

5   GRANTED with prejudice.  *See Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2022)

6   (finding leave to amend need not be granted where amendment would be futile).

7       **IV.    CONCLUSION**

8    For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss with

9   prejudice (ECF No. 10) and DENIES Plaintiff's Motion to Proceed Under Pseudonym (ECF No.

10  20) as moot.   The Clerk of Court is directed to enter judgment and close this case.

11      IT IS SO ORDERED.

12  Date: July 2, 2025

13

14

15  _____

16  TROY L. NUNLEY
    CHIEF UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

9