UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>Plaintiffs,<br><br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,<br><br>Defendants. | No. 2:24-cv-02770-TLN-CSK<br><br><br><br>**ORDER** |

This matter is before the Court on Plaintiff John Doe's ("Plaintiff") Motion for a New Trial.[1] (ECF No. 28.) Defendants The Regents of the University of California ("the Regents"), Donald Dudley ("Dudley"), Wendi Delmendo ("Delmendo"), and Elizabeth DeChellis's[2] ("DeChellis") (collectively, "Defendants") filed an opposition. (ECF No. 30.) Plaintiff filed a reply. (ECF No. 32.) For the reasons set forth below, the Court DENIES Plaintiff's motion.

///

---

[1] While styled as a "Motion for a New Trial," Plaintiff's motion is substantively a motion for reconsideration under Federal Rule of Civil Procedure ("Rule") 59(e).

[2] At the time of the underlying events of the instant lawsuit, Elizabeth DeChellis was known as Liz Paris. (ECF No. 10 at 12 n.1.) As the parties refer to DeChellis by her current name, the Court does the same.

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a former student of the University of California, Davis ("UC Davis") School of Law. (ECF No. 9 at 1.) On July 28, 2015, the Chief Compliance and Title IX Officer at UC Davis, Delmendo, sent Plaintiff a charging letter accusing him of dating violence against Jane Roe ("Roe"), a fellow law student. (*Id.* at 8.) The charges included allegations that Plaintiff threatened, verbally abused, and forced Roe to be a passenger in his car while he was under the influence of drugs or alcohol. (*Id.*) Based on an investigation, the investigation report, and a hearing conducted by DeChellis, an outside attorney, Plaintiff was suspended and barred from campus for two years in January 2016. (*Id.* at 2; 21.)

On May 10, 2016, Plaintiff filed a petition for a writ of administrative mandamus under California Code of Civil Procedure § 1094.5 ("§ 1094.5") in Yolo County Superior Court to set aside the hearing decision and disciplinary sanctions and conditions as unfair, in excess of jurisdiction, and in violation of due process ("the 2016 Lawsuit"). (*Id.* at 2.) The petition was denied on May 10, 2021. (*Id.*) Plaintiff appealed. (*Id.*) The Court of Appeal found UC Davis failed to provide Plaintiff with a fair process and ordered the superior court to enter judgment granting a writ of mandamus to set aside UC Davis's decision in October 2022. (*Id.* at 2–3; 23.) The remittitur issued in December 2022. (*Id.* at 7.)

In July 2023, Plaintiff sought leave to file an amended complaint for damages, alleging breach of contract, violation of civil rights under 42 U.S.C. § 1983 ("§ 1983"), and gender discrimination under Title IX. (ECF No. 10-13.) The superior court denied Plaintiff's motion (ECF No. 10-14) and entered judgment on December 15, 2023 (ECF No. 9 at 8).

On August 5, 2024, Plaintiff filed the instant action, which was removed to this Court. (ECF No. 1.) On November 4, 2024, Plaintiff filed a First Amended Complaint ("FAC"), alleging claims for breach of contract, denial of due process under § 1983, and violation of Title IX against Defendants. (ECF No. 9.) On November 18, 2024, Defendants filed a motion to dismiss. (ECF No. 10.) On July 7, 2025, the Court granted Defendants' Motion to Dismiss with prejudice ("the Order"). (ECF No. 26.) On August 4, 2025, Plaintiff filed the instant motion, which the Court construes as a motion for reconsideration of the Order. (ECF No. 28.)

2

## II.  STANDARD OF LAW

The Court may grant reconsideration under either Rule 59(e) or 60(b).  *See Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995).  A motion for reconsideration under Rule 59(e) must be filed no later than 28 days after the entry of judgment.  Fed. R. Civ. P. 59(e).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).  "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* (emphasis in original).

Additionally, where the motion for reconsideration pertains to an order granting or denying a prior motion, Local Rule 230(j) requires the moving party to "[identify] what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and [explain] why the facts or circumstances were not shown at the time of the prior motion."  E.D. Cal. L.R. 230(j)(3)–(4).

## III.  ANALYSIS

Plaintiff requests the Court reconsider its Order finding that Plaintiff's claims are barred by the doctrine of res judicata.  (*See generally* ECF No. 28.)  As noted in the Order, there are three elements to a res judicata defense: (1) an identity of claims; (2) a final judgement on the merits; and (3) privity between the parties.  *Marks v. Ocwen Loan Servicing,* No. C 10-00203 WHA, 2010 WL 3069248, at *8 (N.D. Cal. Aug. 4, 2010), *aff'd sub nom. In re Marks,* No. 10-16799, 2011 WL 5316762 (9th Cir. Nov. 2, 2011).  Plaintiff did not dispute the second or third elements of Defendants' res judicata defense, and therefore, the Court only considered whether an identity of claims existed between the 2016 Lawsuit and the FAC in the instant action.

Also noted in the Order, an identity of claims exists upon "the same transactional nucleus of facts." *Marks*, 2010 WL 3069248, at *8.  The Ninth Circuit weighs multiple factors when determining if the claims arise out of the same transactional nucleus of facts, including whether the facts are related in time, space, and origin.  *Id.*  "If two actions involve the same injury to the

3

1    plaintiff and the same wrong by the defendant then the same primary right is at stake even if in
2    the second suit the plaintiff pleads different theories of recovery, [and/or] seeks different forms of
3    relief." *Eichman v. Fotomat Corp.*, 147 Cal. App. 3d 1170, 1174 (1983).  Based upon findings
4    that (1) Plaintiff had alleged the same injuries in the 2016 Lawsuit and FAC and (2) Plaintiff's
5    injuries arose out of the same wrongful acts alleged in the 2016 Lawsuit and FAC, the Court
6    found Plaintiff's claims in the 2016 Lawsuit and the FAC arose out of the same transactional
7    nucleus of facts, an identity of claims existed, and Plaintiff's claims in the FAC were barred by
8    res judicata.  (ECF No. 26 at 7–9.)
9        Plaintiff argues the Court's determination was in clear error because: (1) it directly
10   conflicts with the Ninth Circuit's ruling in *Dixon v. University of Southern California*, No. 23-
11   55079, 2024 WL 866028 (9th Cir. Feb 29, 2024) and (2) Plaintiff's claims for damages were
12   never adjudicated.  (ECF No. 28 at 3.)
13       In opposition, Defendants argue Plaintiff has not met his burden of showing that this
14   Court committed clear error.  (ECF No. 30 at 5.)  Specifically, Defendants argue *Dixon* is
15   consistent with the Order and explicitly affirms the authority relied upon by this Court.  (*Id.*)
16   Defendants further argue Plaintiff offers an extended history of his claim for damages associated
17   with his petition for writ of mandate, most of which was provided in opposition to Defendants'
18   Motion to Dismiss, and none of which holds any relevance to a res judicata analysis.  (*Id.*)
19       As an initial matter, the Court notes Plaintiff fails to identify any new or different
20   circumstances as required under Local Rule 230(j) to warrant reconsideration.  E.D. Cal. L.R.
21   230(j)(3)–(4).  Instead, Plaintiff cites only two new cases that were not previously cited in the
22   briefing on Defendants' Motion to Dismiss or the Order.  (ECF No. 28 at 4–5 (citing *Dixon*, 2024
23   WL 866028); *Id.* at 3–4 (citing *Sutphin v. Speik*, 15 Cal. 2d 195, 202 (1940)).)  However, as
24   Defendants point out, both cases could have been cited previously.  Thus, Plaintiff improperly
25   attempts to bolster its earlier arguments with the citations.  *See Marlyn Nutraceuticals, Inc.*, 571
26   F.3d at 880 ("A motion for reconsideration may *not* be used to raise arguments or present
27   evidence for the first time when they could reasonably have been raised earlier in the litigation.")
28   (citation and internal quotation marks omitted) (emphasis in original); *Garcia v. Biter*, 195 F.

4

Supp. 3d 1131, 1133 (E.D. Cal. 2016) ("A motion for reconsideration may not be used to get a second bite at the apple.") (citation and quotation marks omitted).

Nonetheless, the Court finds neither case makes any difference to its analysis. First, Plaintiff cites to *Dixon* for the proposition that Plaintiff was required to first succeed in overturning UC Davis's proceedings before he could pursue his claim for damages.[3] (ECF No. 28 at 4–5 (citing 2024 WL 866028 at *2).) However, the Court's ruling in *Dixon* does not suggest Plaintiff could not have filed the 2016 Lawsuit and the claims in his FAC concurrently. Indeed, the *Dixon* Court effectively requires claims for damages be filed simultaneously, or close in time, with a mandamus petition to ensure damages claims are not time barred once the request for mandamus is judicially exhausted. *Dixon v. University of Southern California*, No. 2:21-cv-05286-VAP-AFMx, 2023 WL 411449, at *10 (C.D. Cal. Jan. 18, 2023). The Order is entirely consistent with *Dixon* — to avoid dismissal by res judicata or statute of limitations, Plaintiff should have sufficiently pleaded his claims alongside his 2016 Lawsuit. Instead, Plaintiff filed an entirely new action in 2024, based on the very same transactional nucleus of facts pleaded in 2016, thus, his claims are barred by the doctrine of res judicata.

Similarly, Plaintiff cites to *Sutphin* for the proposition that res judicata is inapplicable where an issue could not have been raised previously. (ECF No. 28 at 3–4 (citing 15 Cal. 2d 195 at 202).) However, as detailed in the Order and above, the Court finds Plaintiff could have filed the claims in his FAC alongside his 2016 Lawsuit. Thus, Plaintiff's citation is immaterial.

As for Plaintiff's argument that his claims for damages were never adjudicated, the argument was previously raised in Plaintiff's opposition to Defendants' Motion to Dismiss, and Plaintiff has not provided the Court with any reason why it should consider it again.[4] Moreover, as discussed in its Order, the relevant inquiry in determining whether Plaintiff's claims were barred by res judicata was whether the claims in the FAC arose from the same transactional

---

[3] The Court notes Plaintiff's argument was included in opposition to Defendants' Motion to Dismiss and addressed by the Order.

[4] To the extent Plaintiff disagrees with Yolo County Superior Court's ruling disposing of his 2016 Lawsuit, which he argues included a claim for damages, Plaintiff could have sought appropriate judicial review of that ruling.

5

nucleus of facts as those in the 2016 Lawsuit. The Court concluded they did based on an analysis of the claims in the 2016 Lawsuit and those in the FAC, as described in the Order. The history of Plaintiff's 2016 Lawsuit, including any discovery disputes between the parties or court rulings, have no bearing whether the elements of res judicata are met, and indeed, Plaintiff provides no argument or analysis to the contrary.

Accordingly, Plaintiff has not demonstrated the Court committed clear error in its Order and therefore, the Court DENIES Plaintiff's Motion for a New Trial. (ECF No. 28.)

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion for a New Trial. (ECF No. 28.)

Date: December 9, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE